Per Curiam.

The single question raised by the petitioner relates to the sufficiency of the indictment, the pertinent parts of which read as follows:
‘ ‘ The grand jurors of the county of Hamilton, in the name and by the authority of the state of Ohio, upon their oaths present that John E. Salzer on or about the eleventh day of December in the year nineteen hundred and fifty nine at the county of Hamilton and state of Ohio, aforesaid, unlawfully or by force or violence, or by putting in fear, and while armed with a dangerous weapon, to-wit, a sawed-off shotgun, did steal from Chester Schubert, certain U. S. currency of the amount and of the value of two thousand eight hundred fifty and 00/100 ($2,850) dollars the personal property of the said Chester Schubert contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio.”
It is the petitioner’s contention that the omission of the words, “from the person of,” as contained in Section 2901.13, Revised Code, describing the offense of armed robbery, was an *574 omission of an allegation of an essential element of the crime and thus rendered the indictment void.
. Section 2901.13, Revised.Code, reads as follows:
“No person, while armed with a pistol, knife, or other dangerous weapon, by force or violence, or by putting in fear, shall steal from the person of another anything of value.
“Whoever violates this section is guilty of armed robbery, and shall be imprisoned not less than ten nor more than twenty-five years.”
It has been determined that there is no set form of words necessary for an allegation of a taking from the person as long as such allegation may reasonably be inferred from the language used. 77 Corpus Juris Secundum, 476, Robbery, Section 39.
In Breckinridge v. Commonwealth, 97 Ky., 267, where the same argument was urged, the court, at page 273, said:
“True, it does not say in so many words the property was .taken from the person of McNeal, but it distinctly says that it was taken from McNeal, after saying that he was in the possession of it at the time it was taken, and that it was taken from him by force, by pointing pistols and other weapons at him, and by putting him in fear. With these statements in the indictment, all to be taken as true on demurrer, we not only think it certain, to a common intent, to a person of common understanding that the money was taken from the person of McNeal, but that it is impossible to draw from the language used any other conclusion than that it was so taken.”
So it is in the present case. The indictment herein alleged every element of the crime of armed robbery; that by force or violence or by putting in fear while armed with a dangerous weapon — -a sawed-off shotgun — the accused did steal from Chester Schubert, United States currency of the amount of $2,850, the personal property of Schubert. All the provisions of the statute were contained therein except the phrase, “from the person of,” and, when the allegation, “did steal” from Chester Schubert, is read in conjunction with the remainder of the indictment, it is clear that the currency was taken from the person of, or that the currency was under his immediate control at the time of the theft.
*575 The indictment in the instant case constituted a valid indictment for armed robbery.
The petitioner has shown no invasion of his constitutional rights or any lack of jurisdiction of the trial court over either his person or the crime.

Petitioner remanded to custody.

Weygandt, O. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.